UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SIREK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-2499-G |
| CENTRAL FREIGHT LINES, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the plaintiff, Michael Sirek ("Sirek"), to remand this case to the state court from which it was previously removed, and (2) the motion of the defendant, Central Freight Lines, Inc. ("Central"), to dismiss the claims asserted against it by Sirek. *See generally* Plaintiff's Motion to Remand ("Motion to Remand") (docket entry 15); Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim ("Motion to Dismiss") (docket entry 6). For the reasons discussed below, Sirek's motion to remand is denied and Central's motion to dismiss is granted in part.

## I. BACKGROUND

Sirek has worked intermittently as a truck driver for Central for eight of the last thirteen years. Plaintiff's First Amended Complaint Subject to Motion to Remand ("Amended Complaint") ¶¶ 5, 9 (docket entry 30). In November of 2008, as part of his normal delivery schedule, Central ordered Sirek to deliver a trailer to Eupen Cable. *Id.* ¶ 9. At some point during that delivery, Sirek suffered a head injury, which left a cut on his head and caused him to experience memory loss. *Id.* ¶ 9. Despite this injury, Sirek completed his route and returned to the Central facility. *Id.* ¶ 10. Upon his arrival, Sirek's coworkers noticed that he had injured his head and was in a confused mental state, so they called an ambulance to take him to the hospital, where he stayed for four days. *Id.* While Sirek was at the hospital, doctors performed a number of tests to try to explain his memory loss, but found no injuries other than his head wound. *Id.* ¶ 11. Sirek himself has no recollection of how he sustained the injury; he only remembers unhooking the trailer from his truck and waking up in the hospital a day later. *Id.* ¶ 10.

Sirek sought reimbursement from Central for his medical bills on the ground that his injuries occurred in the course of his employment. Because Sirek's memory loss precluded him from confirming how he was injured, Central -- claiming that it could not be sure that Sirek's injuries were a result of his work -- only agreed to reimburse Sirek for the cost of the ambulance that transported him from Central's

facility to the hospital. *Id.* ¶¶ 6, 15. Sirek has continued to seek reimbursement for all of his past and continuing medical treatment, but Central has declined to pay for anything more than the ambulance. *Id.* ¶ 12.

Central is not a subscriber to the Texas Worker's Compensation System; instead, it maintains a separate Employee Injury Benefit Plan ("the plan") under the auspices of the Employee Retirement Income Security Act, 29 U.S.C.A. §§ 1001, *et seq.* ("ERISA"); Defendant's Notice of Removal ("Notice of Removal") ¶ 4 (docket entry 1). Though Sirek has worked for Central for eight years, he avers he was unaware of the existence of the plan until his accident because Central never provided him with any information about the plan. Amended Complaint ¶¶ 5-8.

Attempting to recover benefits he maintains were unjustly denied, Sirek sued Central in state court for negligence, gross negligence, and breach of duty of good faith and fair dealing in denial of coverage. *See generally* Petition. Central timely removed this case to this court on the basis of federal-question jurisdiction, claiming that Sirek's state-law claims are completely pre-empted by ERISA. Notice of Removal ¶ 4; Amended Complaint ¶ 14. Sirek has since filed an amended complaint asserting seven claims against Central under ERISA, in addition to his original tort claims. *See generally* Amended Complaint. Even so, Sirek insists that this court should remand the case to the state court. *See generally* Motion to Remand. Central now moves to dismiss Sirek's state-law claims. *See generally* Motion to Dismiss.

## II. ANALYSIS

### A. Remand Standard

Title 28, Section 1441(a) of the United States Code permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Because "removal jurisdiction raises significant federalism concerns," however, the statute must be strictly construed. *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to

be the "master to decide what law he will rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Aaron v. National Union Fire Insurance Company of Pittsburg, Pa.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990). Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995). "There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (quoting *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64 (1987)), *cert. denied*, 540 U.S. 1104 (2004). This narrow exception -- the artful pleading doctrine -- permits the court to look beyond the face of the plaintiff's complaint to determine if federal law "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Carpenter*, 44 F.3d at 366. The artful pleading doctrine, however, is inapposite unless a defendant carries its burden of showing complete preemption. See *id.* at 367; see also *Saia v. Universal Card Services Corporation*, No. Civ.A.00-1295, 2000 WL 863979, at *2 (E.D. La. June 27, 2000).

"Complete preemption, which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also known as 'conflict preemption'), which does not." *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir.), *cert. denied*, 531 U.S. 1012 (2000). "Ordinary," or "conflict," preemption "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana*, 338 F.3d at 439. In order to establish complete preemption, a defendant must show that: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is clear Congressional intent that the federal action be exclusive. *Gutierrez*, 543 F.3d at 252 (citing *Beneficial National Bank*, 539 U.S. at 9-10).

### B. ERISA Premption

The Supreme Court has held that state-law claims seeking relief within the scope of ERISA § 502(a)(1)(B) must be recharacterized as claims arising under federal law, and as so recharacterized are removable to federal court. *Metropolitan Life*, 481 U.S. at 60, 66-67; see also *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 762 (5th Cir. 1989); see also *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998) (complete preemption "'recharacterizes' preempted state law claims as 'arising under'

federal law for the purposes of . . . making removal available to the defendant."), *overruled on other grounds*, *Arana*, 338 F.3d at 440 n.11; see also *Johnson*, 214 F.3d at 632. When a claimant seeks relief "within the scope of [ERISA's] civil enforcement provisions," his or her claims are subject to complete preemption. *Metropolitan Life*, 481 U.S. at 66.

The Fifth Circuit, in *Memorial Hospital System v. Northbrook Life Insurance Company*, 904 F.2d 236, 245 (5th Cir. 1990), outlined two unifying characteristics of cases finding ERISA preemption of a plaintiff's state law causes of action. See also *Hollis v. Provident Life & Accident Insurance Company*, 259 F.3d 410, 414 (5th Cir. 2001), *cert. denied*, 535 U.S. 986 (2002); *Baylor University Medical Center v. Arkansas Blue Cross Blue Shield*, 331 F. Supp. 2d 502, 507 (N.D. Tex. 2004) (Fish, C. J.). Preemption of a plaintiff's state law causes of action has been found when: (1) the state law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship among traditional ERISA entities -- the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital*, 904 F.2d at 245; *Hollis*, 259 F.3d at 414; *Baylor*, 331 F. Supp. 2d at 507.

1. *An Area of Exclusive Federal Concern*

The first element of preemption is whether the state law claim addresses areas of exclusively federal concern, including the right to receive benefits under the terms of an ERISA plan. *Memorial Hospital*, 904 F.2d at 245; see also *Hollis*, 259 F.3d at

414; *Baylor*, 331 F. Supp. 2d at 507. Congress' purpose in enacting ERISA was "to promote the interests of employees and their beneficiaries in employee benefit plans, . . . and to protect contractually defined benefits." *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 113 (1989) (internal citations and quotations omitted). The Supreme Court has cautioned, however, that courts should "address[] claims of [ERISA] pre-emption with the starting presumption that Congress [did] not intend to supplant state law." *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Company*, 514 U.S. 645, 654 (1995); see also *Fort Halifax Packing Company, Inc. v. Coyne*, 482 U.S. 1, 19 (1987) ("ERISA preemption analysis 'must be guided by respect for the separate spheres of governmental authority preserved in our federalist system.'") (citation omitted). Thus, lawsuits against ERISA plans for commonplace, run-of-the-mill state-law claims -- although obviously affecting and involving ERISA plans -- are not preempted by ERISA. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 833 (1988).

In the case *sub judice*, Central argues that Sirek's state court petition alleges claims arising under federal law. *See* Notice of Removal ¶¶ 4-6. In particular, Central argues that because Sirek's causes of action constitute claims for benefits under an employee welfare benefit plan that is subject to ERISA, Sirek's state law claims are completely preempted by ERISA and, therefore, this court has federal question jurisdiction. *Id*. The court agrees. The plaintiff's original claims of negligence, gross

negligence, and breach of duty of good faith and fair dealing in denial of benefits are not "run-of-the-mill state-law claims"; rather, they seek to recover benefits denied under an ERISA plan. Thus, this suit addresses an area of exclusive federal concern as defined by *Memorial Hospital*. *Memorial Hospital*, 904 F.2d at 245.

### 2. *A Traditional ERISA Entity*

The second element of the *Memorial Hospital* complete preemption test is whether the claims directly affect the relationship among traditional ERISA entities -- the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital*, 904 F.2d at 245; see also *Hollis*, 259 F.3d at 414; *Baylor*, 331 F. Supp. 2d at 508. While Sirek argues, in his motion to remand, that he "is not a participant in the plan, did not enroll in the plan and is not a subscriber to the plan," his state-court petition alleges that he was owed benefits under an "Employee Injury Benefit Plan." Plaintiff's Reply to Defendant's Response to Motion to Remand ("Plaintiff's Reply") ¶ 7 (docket entry 20); Petition ¶ 15. Sirek also concedes that his claim for breach of good faith and fair dealing is predicated on Central's failure to pay benefits under this plan.* Amended Complaint ¶¶ 21-22; Petition ¶ 15. Thus, the face of Sirek's state-court petition, the basis upon which Central removed this case to

---

\*       Sirek contends in his response to Central's motion to dismiss that he was simply repeating in his petition Central's reasoning for rejecting his claim, not seeking to enforce the plan's provisions. Plaintiff's Response in Opposition to Defendant's 12(b)(6) Motion to Dismiss ¶ 11 (docket entry 11). Even so, the court concludes that this suit is an attempt to enforce the provisions of an employee welfare benefit plan governed by ERISA.

federal court, illustrates that this suit directly affects the relationship between traditional ERISA entities -- here an employer and a participant -- because it is an attempt to enforce the provisions of an employee welfare benefit plan governed by ERISA. Sirek's state-law claims meet the two-part standard of *Memorial Hospital* so remand is improper. Amended Complaint ¶¶ 18-29; *Memorial Hospital*, 904 F.2d at 245.

### C. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light

most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009). The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]" -- 'that the pleader is entitled to relief.'" *Id.* at 1950 (*quoting* FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its

claims against the defendant "across the line from conceivable to plausible." See *id.* at 1950, 1952.

## D. The Plaintiff's Tort Claims

Prior to the filing of Sirek's amended complaint, Central filed a motion to dismiss for failure to state a claim on which relief can be granted. *See generally* Motion to Dismiss. Since Sirek has included his original claims in his amended complaint, and has not altered the factual allegations upon which they are predicated, Central's motion to dismiss is not moot as to the negligence, gross negligence, and breach of duty of good faith and fair dealing in denial of coverage claims. *See generally* Amended Complaint; Motion to Dismiss.

According to the Supreme Court, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). In *Davila*, the Supreme Court concluded that "if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(B)." *Id.* at 210. The facts in *Davila* mirror the facts here. Sirek, like the plaintiff in *Davila*, asserts state-law

claims to attempt to recover benefits under an ERISA plan. Compare Amended Complaint ¶¶ 18-29, with *Davila*, 542 U.S. at 204-05, 211, 214. Therefore, Sirek's state-law claims for negligence, gross negligence, and breach of duty of good faith and fair dealing in denial of coverage claims are dismissed for failure to state a claim upon which relief can be granted because they are pre-empted by the civil enforcement provisions of ERISA.

### III. CONCLUSION

For the above state reasons, the plaintiff's motion to remand is **DENIED** and the defendant's motion to dismiss is **GRANTED** in part. The plaintiff's claims against Central Freight for negligence, gross negligence, and breach of duty of good faith and fair dealing in denial of coverage claims are all **DISMISSED** for failure to state a claim on which relief may be granted.

**SO ORDERED**.

July 20, 2011.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**